**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-09-132 |
| | § | |
| CHRISTOPHER LANDELL, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
<u>DENYING MOTION FOR REDUCED SENTENCE</u>**

On September 30, 2009, the Clerk received a letter from Defendant Christopher Landell dated September 27, 2009. (D.E. 32.) In it, Landell raises numerous complaints about his retained attorney, Irma Mendoza Sanjines. He claims that Ms. Sanjines "lied to him" about his plea agreement and gave him false explanations. He further claims that she failed to advise him that he would face deportation if he pleaded guilty and be sent to an immigration prison. Had he known of that consequence, Landell argues that he could have finalized obtaining his citizenship while he was in jail. He alleges that she failed to answer his questions or properly explain his Presentence Investigation Report to him, and that she failed to present "mitigating circumstances" in his case.

Although he states that he is guilty and has never denied it, and that his circumstances are not a justification for his crime, he nonetheless devotes the majority of his letter to explaining the dire financial circumstances he faced at the time he committed his crime. (D.E. 32 at 2-3.)

He also explains unfortunate circumstances currently affecting his family. First, he

1

avers that his mother is in "very bad health" and that she is about to lose her job. (D.E. 32 at 3.) Second, he states that he has recently learned that his autistic son has a brain tumor. (Id.) He therefore requests that the Court give him a sentence reduction. For the reasons set forth herein, Landell's request for a reduced sentence is DENIED.

## I. BACKGROUND

Landell pleaded guilty to the sole count of the indictment against him, which charged him with possession with intent to distribute approximately eighty-three and thirteen-hundredths (83.13) kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (D.E. 8, 22, 23.) On July 9, 2009, the Court sentenced him to 60 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term, and imposed a $100 special assessment. (D.E. 28, 29.) Judgement was entered against him on July 13, 2009. (D.E. 29.) He did not appeal.

## II. ANALYSIS

**A.     Motion to Reduce Sentence**

Although Landell requests that the Court reduce his sentence, this Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently

2

lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Landell fails to assert grounds for modification that fall into any of the categories above. Thus, this Court is without authority to reduce his sentence and his motion (D.E. 32) is DENIED.

### B.     Claims of Ineffective Assistance of Counsel

To the extent that Landell is claiming that either his conviction or sentence are unconstitutional or otherwise illegal due to alleged errors or actions of his counsel, the proper avenue for raising such claims of ineffective assistance of counsel is a motion under 28 U.S.C. § 2255. Cognizant of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), and particularly in light of the fact that Landell's letter nowhere references § 2255, the Court declines to construe his motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Instead, to the extent his letter contains claims of deficiencies by counsel, this Court DENIES such claims without prejudice to his ability to file a proper § 2255 motion.[1]

---

[1] The Court reaches no conclusions herein as to the merits of any such motion.

## III.  CONCLUSION

For the foregoing reasons, Landell's letter motion to reduce sentence (D.E. 32) is DENIED.  To the extent his letter raises allegations of ineffective assistance of counsel, those claims are DENIED WITHOUT PREJUDICE to Landell's ability to assert them in a proper motion under 28 U.S.C. § 2255.

It is so ORDERED this 20th day of January, 2010.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE